IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENZEL ARTHUR THOMAS WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WILMINGTON, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 25-493 (JLH) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

I.  Introduction

Plaintiff Denzel Arthur Thomas Williams initiated this civil action *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 10.) The Court now reviews and screens the complaint (D.I. 3), pursuant to 28 U.S.C. § 1915(e)(2)(B).

II.  Background

The complaint raises claims under 42 U.S.C. § 1983, 49 U.S.C. § 14501, the Racketeer Influenced and Corrupt Organizations Act (RICO), and Delaware state law for which Plaintiff seeks over $1,722,340.00 in monetary damages, as well as declaratory and injunctive relief. (D.I. 3 at 1, 3.) The following allegations are taken from the complaint and assumed to be true for purposes of screening the complaint.

On March 13, 2025, Defendant Keith Johnson, an officer with Defendant Wilmington Police Department (WPD), had Plaintiff's vehicle towed (presumably by Defendant City Towing Services), "stranding Plaintiff and four children in 44 degree weather without aid." (D.I. 3 at 1-2.) Then, on March 20, 2025, Defendant Jeffrey Silvers, another WPD officer, stopped and ticketed Plaintiff for driving through a yellow light and not having a state registration. (*Id.* at 2.) Plaintiff

maintains that driving through the yellow light was lawful and that state registration was not required because his vehicle was registered with the U.S. Department of Transportation (DOT). (*Id.*) Plaintiff believes that Defendant WPD is targeting drivers "for lawful yellow light passage," fraudulently denying "federal DOT registration validity," and engaging in a "[c]oercive ticketing scheme to generate municipal revenue." (*Id.* at 1.)

The first cause of action asserts that Defendants violated 49 U.S.C. § 14501, relating to federal authority over intrastate transportation, by "[d]emanding state registration of [a] DOT-regulated vehicle" and "[f]ining Plaintiff for non-compliance with [an] invalid requirement." (*Id.*) The second cause of action asserts that the towing of his vehicle on March 13, 2025, constituted an unlawful seizure in violation of the Fourth Amendment. (*Id.*) The third cause of action asserts that Plaintiff's Fourteenth Amendment due process rights were violated because there was no hearing before his vehicle was towed and there were "[f]ake 'notice received' records." (*Id.*) The fourth cause of action asserts that the March 13, 2025 towing caused intentional infliction of emotional distress to Plaintiff. (*Id.* at 3.) The fifth cause of action asserts that the March 20, 2025 traffic stop and ticketing constituted official misconduct, in violation of Delaware State law, because Defendant Silvers "knowingly misrepresented federal law to extort payment" from Plaintiff. (*Id.*)

Included with the complaint are supporting documents, including copies of a tow slip issued to Plaintiff on March 13, 2025, and a traffic ticket issued to Plaintiff on March 20, 2025. (D.I. 3-2 at 2, 10.) The tow slip says that the car was towed because it was unregistered. (D.I. 3-2 at 2.) The ticket charges Plaintiff with driving an unregistered vehicle with a suspended or revoked license. (*Id.* at 10.)

III.    <u>Legal Standard</u>

When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal marks omitted).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

IV.    <u>Discussion</u>

The complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). With due consideration for the exhibits submitted with Plaintiff's complaint, no violations of Plaintiff's constitutional rights, other federal laws, or Delaware State laws can be reasonably inferred from the facts alleged.

V.      Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that the Complaint (D.I. 3) is DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any motion for leave to amend the Complaint must be filed on or before October 24, 2025.

Dated: October 10, 2025

                                                           The Honorable Jennifer L. Hall
                                                           United States District Judge